UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| JOHN HASSON | CIVIL ACTION NO.: 16-2598 |
| VERSUS | |
| ALLIANCE OFFSHORE, LLC | SECTION: |

### SEAMAN'S COMPLAINT

Plaintiff, John Hasson, an individual of the full age of majority and domiciliary of the State of Louisiana, respectfully represents as follows:

I.

Made Defendant herein is:

A.  Alliance Offshore, LLC, a corporation authorized to and doing business in the State of Louisiana. Defendant has appointed Eric L. Trosclair as its registered agent for service of process, whose address is 11095 Hwy. 308, Larose, Louisiana 70373.

II.

Plaintiff brings this action pursuant to 46 U.S.C. § 30104, more commonly known as the Jones Act.

III.

Jurisdiction of this matter is conferred by 28 U.S.C. § 1333 (1); venue of this action is pursuant to 28 U.S.C. § 1391 (b) and (c). This action is filed without the prepayment of costs pursuant to 28 U.S.C. § 1916.

## IV.

On and prior to April 2, 2015, Defendant owned and operated a vessel known as the M/V ALLIANCE V (now known as the M/V MEMPHIS).

## V.

At all pertinent times, Defendant employed Plaintiff, John Hasson, as a Jones Act seaman assigned to the aforementioned vessel.

## VI.

On or about April 2, 2015, Plaintiff, John Hasson, was working aboard the vessel on navigable waters when he slipped on the first step while descending a flight of stairs. The fall caused the Plaintiff to sustain painful and enduring injuries to his body, including his left shoulder.

## VII.

The above described accident was caused by the negligence of Defendant, Alliance Offshore, LLC, its agents, servants, employees or others for whom it is legally responsible in the following, though not exclusive, respects:

    A.    In failing to provide Plaintiff with a safe place to work;

    B.    By allowing for the failure of and inadequate vessel equipment under normal use;

    C.    By allowing a dangerous slip/fall hazard to exist on the vessel; and

    D.    Other acts of negligence that will be demonstrated at the trial of this matter.

### VIII.

Due to injuries sustained by Plaintiff, John Hasson, he has incurred physical disability, has suffered grievous physical and mental pain and anguish, loss of bodily function and embarrassment, and is entitled to recover from Defendant, Alliance Offshore, LLC, the sum of ONE MILLION AND NO/100 ($1,000,000.00) DOLLARS.

### **SECOND CAUSE OF ACTION**

### IX.

And now, Plaintiff, John Hasson, alleges a second cause of action based on the general maritime law and reiterates all of the allegations contained in the foregoing paragraphs.

### X.

Under the general maritime law, it was the duty of Defendant, Alliance Offshore, LLC, as the owner and operator, to furnish seamen with a safe place to work, with safe gear and appurtenances, equipment, and with an adequate crew and a seaworthy vessel.

### XI.

Plaintiff shows that at the time and place of the occurrence of the accident, on or about April 2, 2015, Plaintiff was working aboard a vessel in navigation and performing the type of work traditionally performed by seamen and therefore was owed the warranty of seaworthiness by Defendant, Alliance Offshore, LLC.

### XII.

Plaintiff avers that the failure of Defendant, Alliance Offshore, LLC, to provide Plaintiff with a safe place to work, by allowing a slip/fall hazard on the vessel and by

allowing for the failure of vessel equipment under normal use renders the M/V ALLIANCE V (now known as the M/V MEMPHIS) unseaworthy, and that the unseaworthiness was a proximate cause of Plaintiff's accident and injuries and the resulting illness and disability.

## THIRD CAUSE OF ACTION

### XIII.

Now, Plaintiff, John Hasson, alleges a third cause of action under the Federal Rules of Civil Procedure for wages, maintenance and cure, past and future, and reiterates all of the allegations contained in the first two causes of action.

### XIV.

Plaintiff avers that he is entitled additionally to wages and maintenance and cure at the rate of FIFTY AND NO/100 ($50.00) DOLLARS per day, to an undetermined date in the future during which he is unable to work and perform his duties as a seaman and has not reached maximum cure, which Plaintiff estimates to be in the sum of ONE HUNDRED THOUSAND AND NO/100 ($100,000.00) DOLLARS, and for compensatory and punitive damages and attorney's fees in the event he is required to pursue by proper procedure the recovery of said maintenance and cure.

## JURY DEMAND

That pursuant to the provisions of the aforesaid 46 U.S.C. § 30104, more commonly known as the Jones Act, Plaintiff is entitled to and demands a trial by jury on all issues related herein.

**WHEREFORE**, Plaintiff, John Hasson, demands a judgment against Defendant, Alliance Offshore, LLC, in the sum of ONE MILLION AND NO/100 ($1,000,000.00) DOLLARS, with legal interest from date of injury, together with all costs and disbursements of this action and for all appropriate and general relief and for a trial by jury.

Plaintiff further demands against Defendant, Alliance Offshore, LLC, for wages, maintenance and cure in the sum of ONE HUNDRED THOUSAND AND NO/100 ($100,000.00) DOLLARS. Plaintiff demands punitive, exemplary and compensatory damages as well as attorney's fees.

Plaintiff further prays for all general, legal, equitable and maritime relief available to him under the laws of the United States, and for a civil trial by jury.

        Respectfully submitted:

_____
**C. ARLEN BRAUD, II, #20719**
**MICHELLE O. GALLAGHER, #23886**
**STEVEN D. JACKSON, #35841**
Braud & Gallagher, L.L.C.
111 N. Causeway Blvd., Ste. 201
Mandeville, Louisiana  70448
Telephone:  (985) 778-0771
Facsimile:   (985) 231-4663
arlenb@braudandgallagher.com
michelleg@braudandgallagher.com
stevenj@braudandgallagher.com
**Counsel for Plaintiff, John Hasson**

**TO BE SERVED BY SUMMONS**

Alliance Offshore, LLC
Through its Agent for Service:
Eric L. Trosclair
11095 Hwy. 308
Larose, Louisiana 70373